ACCEPTED
12-14-00044-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/3/2015 4:10:47 PM
CATHY LUSK
CLERK

In The Twelfth Court Of Appeals
Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/3/2015 4:10:47 PM

CATHY S. LUSK
Clerk

### No. 12-14-00044-CR

*Shakeitha Cartwright, Appellant,*
*v.*
*The State of Texas, Appellee.*

On Appeal from the 273rd District Court, Shelby County, Texas
Trial Court Cause No. 2013-CR-18695

## APPELLANT'S RESPONSE TO STATE'S OPPOSITION TO MOTION TO ABATE APPEAL

Seth T. Johnson, Tex. Bar No. 24082212
222 North Mound St., Suite #1
Nacogdoches, Texas 75961
Telephone: (936) 205-6775
Fax: (936) 715-3022
Email: johnsondefenselaw@gmail.com
Attorney for Appellant

## APPELLANT'S RESPONSE TO STATE'S OPPOSITION TO MOTION TO ABATE APPEAL

TO THE HONORABLE JUDGES OF THE TWELFTH COURT OF APPEALS:

COMES NOW, the Appellant, Shakeitha Cartwright, by and through her attorney of record, Seth T. Johnson, and respectfully files this response to four issues raised in the State's Motion in Opposition.

1. Paragraph 1 of the State's Response asserts that Appellant either failed to preserve or waived error with respect to both issues raised in her motion. Identical procedural default claims were addressed and rejected by the majority holdings in *Urias* and *Garcia* (post-*Marin* cases), the two cases Appellant relied upon in her motion. With respect to both issues raised by Appellant, the Court of Criminal Appeals has held the obligations of the trial court are mandatory, and trial counsel does not have to take action.

2. Paragraph 2 of the State's response argues that "new testimonial evidence" was presented at the second suppression hearing, and cites in support "RR. Vol.5 p. 193-207 (Det. Nicole Faulkner testifying)". The implied argument made by the State is that any *Garcia* error was cured by this additional evidence because the second judge did not have to rely on a "cold record" to issue his ruling. That argument is erroneous because the modicum of additional evidence presented at the second hearing did nothing to alleviate the core concern underpinning *Garcia's* holding.

Det. Faulkner's "new testimony" consisted of a few sentences responding to a question from Judge Mitchell, explaining how the video camera was set up in the interrogation room and the persons present in the room. *None* of the evidence presented during live testimony at the first hearing which addressed the myriad totality

2

of circumstances relevant to a voluntariness challenge, was re-presented at the second hearing. The fact remains that 99.9% of the live-witness testimony that required a judicial credibility evaluation was offered only at the first hearing, and the Judge who is obligated to make said evaluation did not issue the mandatory written findings of fact and conclusions of law on which the second judge could have relied.

3. Paragraph 3 of the State's response asserts that "the [second] Judge did in fact review the complained of video testimony" prior to ruling the interrogation admissible in its totality. If that claim were accurate, one could potentially argue that the second judge did in fact consider sufficient supplemental evidence (in addition to reading the transcript of the first suppression hearing) to satisfy *Garcia.* However, the State fails to cite to the appellate record or offer any evidence in their motion proving this claim. *To the contrary, the reporter's record explicitly shows that Judge Mitchell did not watch the tapes prior to ruling on voluntariness.* RR. Vol. 5. P. 194. Judge Mitchell (the second Judge) at most watched a few minutes of each video containing the *Miranda* admonishments. RR. Vol. 5, P. 193-207. The segments Judge Mitchell actually watched prior to ruling do not nearly comprehend the myriad issues raised by Appellant at the first hearing concerning the voluntariness of her statements. Finally, there is no evidence at all that Judge Dickerson (the first Judge) reviewed the videos that were admitted and tendered to him for that purpose. This same issue was also previously addressed with supporting record citations in Appellant's original motion.

4. The State's Motion in Opposition attaches an Order Nunc Pro Tunc signed by Judge Mitchell (the second judge) on March 2, 2015 and file-stamped the same. The trial court does not have jurisdiction to issue orders in this case at this time. Also, the

3

issue at bar is not properly the subject of a Nunc Pro Tunc order pursuant to Tex. R. App. Proc. Rule 23.  Lastly, such an order does not cure *Garcia* error for the reasons stated *supra*.  Appellant respectfully submits that the attempted order should be disregarded and remand to the trial court is required.

PRAYER

In light of the arguments in her original motion and the foregoing supplement, Appellant prays that her motion to abate the appeal and for a new voluntariness hearing be granted.

Respectfully submitted,

_____
Seth T. Johnson, #24082212
ATTORNEY FOR DEFENDANT
222 North Mound St. #1
Nacogdoches, TX 75961
(P) 936-205-6775
(F) 936-715-3022
johnsondefenselaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was hand-faxed and E-served to the Shelby County District Attorney's Office, Texas, on March 3, 2015.

_____
Seth T. Johnson, #24082212

4